# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * *
JAMES PARKER,                       *
                                    *       No. 15-368V
              Petitioner,           *       Special Master Christian J. Moran
                                    *
v.                                  *       Filed: February 1, 2017
                                    *
SECRETARY OF HEALTH                 *       Attorneys' fees and costs
AND HUMAN SERVICES,                 *
                                    *
              Respondent.           *
* * * * * * * * * * * * * * * * * * *
```

<u>Ronald Craig Homer and Christina Ciampolillo</u>, Conway, Homer, P.C., Boston, MA, for Petitioner;
<u>Alexis B. Babcock</u>, U.S. Department of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION ON FEES AND COSTS[1]

After receiving compensation through the Vaccine Program, James Parker filed a motion for attorneys' fees and costs. Mr. Parker is awarded **$35,709.59**.

\* \* \*

Mr. Parker alleged that the influenza vaccine caused him to develop Guillain-Barré syndrome. Mr. Parker was awarded compensation based on the parties' stipulation. <u>Decision</u>, filed June 22, 2016, 2016 WL 3880782.

On September 22, 2016, Mr. Parker filed the pending motion for attorneys' fees and costs. Mr. Parker requested $33,660.50 in attorneys' fees and $2,346.08

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

in attorneys' costs.  On October 11, 2016, the Secretary filed a response to Mr. Parker's application.  The Secretary did not identify any specific problems but asserted that for a "similarly-postured GBS case," a reasonable range for attorneys' fees and costs would be from $18,000.00 to $22,000.00.  Resp't's Resp., filed Oct. 11, 2016, at 3.  The Secretary cited ten cases in support of her proposed range.  The Secretary further suggested that the "[undersigned] exercise [his] discretion" in determining a reasonable award of attorneys' fees and costs within the range she provided.  Resp't's Resp. at 3-4.

Mr. Parker disagreed arguing that the Secretary provides no supporting information, such as whether the case was "contested or conceded, the extent and nature of the damages, or, significantly, the hourly rate billed by petitioners' counsel," to support the assertion that the cases cited are indeed "similarly-postured GBS case[s]." Pet'r's Reply, filed Oct. 21, 2016, at 3.  Mr. Parker states that the range suggested by the Secretary would result in a 43 to 51% reduction in attorneys' fees and costs.  Furthermore, Mr. Parker argues that a "blanket objection and vague response" has previously been rejected by other special masters.  Pet'r's Reply at 6.

Mr. Parker then filed a supplemental motion for fees requesting an additional $694.00 bringing the total request for attorneys' fees and costs to $37,392.61.

The matter is now ripe for adjudication.

\*   \*   \*

Because Mr. Parker received compensation, he is entitled to an award of reasonable attorneys' fees by right.  42 U.S.C. § 300aa−15(e).

As Mr. Parker noted, the Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Pet'r's Reply at 4-5, Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.

\*   \*   \*

McCulloch found reasonable hourly rates for attorneys in this law firm. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 563423 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Special Masters, including the undersigned, have since followed McCulloch. See Avchen v. Sec'y of Health & Human Servs., No. 14-279V, 2015 WL 9595415 (Fed. Cl. Spec. Mstr. Dec. 4, 2015). Mr. Parker's attorneys have billed in accord with the McCulloch rates and the Secretary did not impose any specific objection. The undersigned finds the requested hourly rates reasonable.

\*   \*   \*

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at \*2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies"). The issue of multiple attorney work on one case has been discussed extensively in previous cases. Pernal v. Sec'y of Health & Human Servs. No. 12-667V, 2016 WL 3101820 (Fed. Cl. Spec. Mstr. May 12, 2016); Whitney v. Sec'y of Health & Human Servs., No. 10-809V, 2016 WL 4491499 (Fed. Cl. Spec. Mstr. July 27, 2016). Here, the primary associate was Ms. Christina Ciampolillo who received the case in its early stages from another associate Ms. Amy Fashano-Schwader. The work of both associates is credited.

However, other attorneys, including Mr. Ronald Homer, performed tasks that Ms. Ciampolillo could efficiently perform. For these reasons, the original attorneys' fees are reduced by 5 percent. Mr. Carter is awarded $31,977.48 for work initially done and an additional $694.00 in supplemental fees. The total amount for attorneys' fees is $32,671.48.

The Secretary has identified 10 cases that she asserts are similarly situated. However, the Secretary has provided no basis for how she determined why these 10 cases, of the hundreds of cases involving GBS, should be the basis for comparison. Mr. Parker asserts that his case was relatively complex, pointing to the 31 exhibits filed and the case's duration (one year). Pet'r's Reply at 4. The Secretary failed to demonstrate the comparability of the cases she has cited. Furthermore, the lack of specific objections from the Secretary was not helpful. See Dorego v. Sec'y of Health & Human Servs., No. 14-337V, 2016 WL 1635826 (Fed. Cl. Spec. Mstr. April 4, 2016). Without specific objections and supporting evidence from the Secretary, the undersigned cannot properly assess the proposed range against the cited cases for reasonableness.

Lastly, in addition to seeking attorneys' fees, Mr. Parker, also seeks an award of costs. The requested costs are reasonable and adequately documented. Consequently, Mr. Parker is awarded the full amount of attorneys' fees and costs.

\* \* \*

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). The undersigned finds $35,017.56 ($32,671.48 in fees and $2,346.08 in costs) to be a reasonable amount for all attorneys' fees and costs incurred. Pursuant to General Order No. 9, Mr. Parker states that he personally incurred $692.03 in costs while pursuing this litigation. The undersigned GRANTS the petitioner's motion and awards **$35,709.59** in attorneys' fees and costs. This shall be paid as follows:

a. **A lump sum of $35,017.56, in the form of a check made payable to petitioner and petitioner's attorney, Conway, Homer, P.C., for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

b. **A lump sum of $692.03, in the form of a check made payable to petitioner for costs incurred while pursuing this litigation.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.